```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                                                                           :

SMART STUDY CO., LTD.,                                                      :

                                                 Plaintiff,              :

                                                                         :       1:21-cv-5860-GHW

                     -against-                             :

                                                                            :             ORDER

ACUTEYE-US, *et al.*,                                              :

                                                                             :

                                               Defendants.    :
---------------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

        In its July 21, 2022 opinion, Dkt. No. 100, and again at the October 25, 2023 hearing, Dkt. No. 127, the Court explained its reasoning for why Plaintiff has failed to serve defendants changgeshangmaoyouxiangongsi and shenzhenshixindajixieyouxiangongsi; these defendants' addresses were, and remain, known to Plaintiff, but they were not served at their physical addresses pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). *See* Dkt. Nos. 100, 127.

        On November 20, 2023, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for failure to serve process in accordance with Federal Rule of Civil Procedure 4(f). Dkt. No. 135. In its response, Plaintiff reasserted its position that, in its view, "the Hague Defendants have been properly served via alternative means pursuant to Fed. R. Civ. P. 4(f)(3)." Dkt. No. 137 at 12.

        At the January 4, 2024 conference, Plaintiff's counsel affirmatively attested on the record that Plaintiff will not serve these two defendants pursuant to the Hague Convention. Thus, no extensions of time for service of process are warranted. *See* Fed. R. Civ. Pro. 4(m).[1] Given this

---

[1] Although Federal Rule of Civil Procedure 4(m), "which ordinarily requires service to be made within 90 days after the complaint is filed, 'does not apply to service in a foreign country' under the Hague Convention," "[t]he lack of specified time limit for service in a foreign country does not mean that there are no limits at all." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2018 WL 4681616, at *10 (S.D.N.Y. Sept. 11, 2018), *report*

representation by Plaintiff's counsel, and for the reasons explained in the Court's prior order, Dkt. No. 100, adopted by reference into the Court's oral opinion delivered at the October 25, 2023 show-cause hearing, *see* Dkt. No. 127, Plaintiff's claims against Defendants changgeshangmaoyouxiangongsi and shenzhenshixindajixieyouxiangongsi are dismissed without prejudice for failure to serve under Rule 4(f).

Plaintiff's counsel is instructed to serve this order on Defendants and to retain proof of service. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 4, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

*and recommendation adopted sub nom. Channel One Russia Worldwide v. Infomir LLC (www.infomirusa.com)*, No. 16CIV1318GBDBCM, 2018 WL 4666069 (S.D.N.Y. Sept. 28, 2018) (citing Fed. R. Civ. P. 4(m); *Feliz v. MacNeill*, 493 F. App'x 128, 132 (1st Cir. 2012) (Souter, J.) ("[C]ourts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory."); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited.")); *see also Travers Tool Co. v. S. Overseas Express Line, Inc.*, No. 98 CV 8464 (RO), 2000 WL 194781, at *1 (S.D.N.Y. Feb. 17, 2000) (noting that the fact that Rule 4(m) does not apply generally to service in a foreign country "does not mean that plaintiffs have unlimited time to serve"). Further, "[i]n this Circuit, the foreign country exception to Rule 4(m) does not apply unless a plaintiff makes no attempt to begin service on a foreign defendant within 120 days." *In re Bozel S.A.*, No. 1:16-CV-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017) (citing *USHA (India), Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005); *Moreira v. Ministerio de Exonomia y Production de la Republica Argentina*, No. 10 Civ. 266 (LTS)(KNF), Order at 3 (S.D.N.Y. May 27, 2011) ("[E]xemption from Rule 4(m) requires reasonable good faith effort by a plaintiff to serve the international defendant within 120 days . . . .")). "When the foreign country exception does apply, the court 'use[s] a flexible due diligence standard to determine whether service of process was timely.'" *In re Bozel S.A.*, No. 1:16-CV-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017) (quoting *Burda Media, Inc. v. Blumenberg*, No. 97 Civ. 7167(RWS), 2004 WL 1110419, at *5 (S.D.N.Y. May 18, 2004)). "The plaintiff has the burden of proof in showing that it exercised due diligence in not timely serving the defendant." *Id.* (citations omitted).

2